IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE HOFFMANN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br> -against-<br><br>MAJOR MODEL MANAGEMENT, INC.<br><br>      Defendant. | Case No. 1:20-cv-06941(LTS)(JLC) |

**MAJOR MODEL MANAGEMENT, INC.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT**

                  GOLDBERG SEGALLA LLP
                  711 Third Avenue, Suite 1900
                  New York, New York 10017
                  Phone: (646) 292-8700
                  Fax:  (646) 292-8701
                  *Attorneys for Defendant*
                  *Major Model Management, Inc.*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** .................................................................................................................................. 2

    I.    PLAINTIFF WAIVED HER RIGHT TO SUE MMMI ...................................................... 2

    II.   PLAINTIFF'S TORT CLAIMS DO NOT ARISE FROM A DUTY INDEPENDENT OF THE CONTRACT ................................................................................. 4

          A.   Plaintiff cannot identify an independent source for the duty of care supporting her negligence claim. ...................................................................... 4

          B.   Plaintiff cannot identify an independent source for the fiduciary duty alleged to have been breached. .................................................................... 6

    III.  PLAINTIFF ABANDONS HER BREACH OF CONTRACT CLAIM ............................ 8

28890031.v2

# TABLE OF AUTHORITIES

**Cases**

*Adbale v. North Shore*, 49 Misc. 3d 1027 (N.Y. Sup. Ct. 2015 ........................................................ 5

*Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co.* ......................................................... 6, 7, 8

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987) ................................ 4

*Daly v. Metropolitan Life Insurance Co.*, 2004 NYLJ LEXIS 2546
   (N.Y. Sup. Ct. June 10, 2004) .................................................................................................. 5, 7

*Gross v Sweet*, 49 N.Y. 2d 102, 108 (1979) .................................................................................. 3

*Jones v. Commerce Bancorp*, 06 Civ. 835, 2006 U.S. Dist. LEXIS 32067
   (S.D.N.Y. May 23, 2006) .......................................................................................................... 5, 7

*Kaufman v. American Youth Hostels*, 5 N.Y.2d 1016, 1018 (1959) ............................................... 3

*Lago v. Krollage*, 78 N.Y.2d 95, 99 (1991) ......................................................................... 2, 3, 4

*Levine v. Shell Oil Co.*, 28 N.Y.2d 205 (1971 ............................................................................... 3

*New York University v. Continental Insurance Co.*, 209 A.D.2d 231 (1st Dep't 1994) ................. 6

*Savage Records Group., N.V. v. Jones*, 247 A.D.2d 274 (1st Dep't 1998) ................................... 7

*Sivaslian v. Rawlins*, 88 A.D.2d 703 (3d Dep't 1982) ................................................................... 3

*Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 553 (1992) ...................................................... 2

*Van Dyke Prods. V. Eastman Kodak Co.*, 12 N.Y. 2d 301 (1963 .................................................. 3

*Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114 (1st Dep't 1998) ............................................... 7

**Statutes**

N.Y. SHIELD Act ............................................................................................................. 1, 4, 5, 6

Defendant Major Model Management, Inc. ("MMMI") submits this Reply Memorandum of Law in further support of its motion under Federal Rules of Civil Procedure 12(b)(6) to dismiss the Amended Class Action Complaint filed in this action on November 13, 2020 (the "Amended Complaint" or "Am. Compl.," ECF No. 15) of plaintiff Stephanie Hoffman individually and on behalf of all others similarly situated ("Hoffman" or "Plaintiff"), a copy of which is attached to the Declaration of Matthew S. Trokenheim, dated December 2, 2020 ("Trokenheim Decl.") as Exhibit C (ECF No. 25).

## PRELIMINARY STATEMENT

In her Complaint, Hoffman asserts three causes of action related to the alleged breach of MMMI's computer systems: negligence, breach of contract, and breach of fiduciary duty. Am. Compl. ¶¶ 59-105. MMMI moved to dismiss all these claims, and Hoffman fails to raise any meritorious arguments in opposition.

**First**, MMMI argues that a broad exculpatory clause in Hoffmann's contract with MMMI bars all of her claims. Hoffman's counterargument that the clause is not enforceable because it is not specific enough misapplies the case law, which only requires the exculpatory clause clearly show its import. The clause in Hoffmann's contract is consistent with that enforced by the New York Court of Appeals.

**Second**, MMMI argues that Plaintiff's tort claims do not arise from a duty independent of the contract. Hoffman' counterargument that a duty of care arises from New York's SHIELD Act is not supported by that statute or any case, and the cases cited in support of a common law duty all rely on representations made by the defendant, a fact not plead here. In  support of an independent fiduciary duty, Plaintiff' argues that she relied on MMMI's expertise in data security, but cannot credibly plead that MMMI has or represented that it had any such expertise.

**Third**, Hoffman abandons its breach of contract claim. MMMI requested that Hoffman do so prior to filing the motion, in compliance with this Court's Individual Practice Rules, but Hoffman declined. The Court should dismiss the claim with prejudice and award MMMI attorneys fees for the unnecessary briefing.

## ARGUMENT

### I. PLAINTIFF WAIVED HER RIGHT TO SUE MMMI

New York courts routinely apply contractual exculpatory clauses to dismiss contract and tort claims. *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 553 (1992) ("Absent a statute or public policy to the contrary, a contractual provision absolving a party from its own negligence will be enforced.") See cases cited in MMMI's Memorandum of Law in Support of Motion to Dismiss("MMMI MOL"), ECF No. 24, p. 4. While these provisions are scrutinized by courts, they are generally enforced if not contravening a public policy, and if the provision expresses the parties' intent in unequivocal terms." *Lago v. Krollage*, 78 N.Y.2d 95, 99 (1991).

In *Lago v. Krollage*, the court enforced a very broad provision, because it did not violate a public policy and the provision was clear. *Id*. That provision stated that the parties agreed to:

> release[], remise[] and * * * hold harmless * * * NASCAR * * * the promoters * * * the owners, [and] sponsors * * * from **all liability claims, demands, causes of action and possible causes of action whatsoever**, arising out of or related to any loss, damage or injury (including death) that may be sustained by our respective persons or property * * * while in, on, en route to, from, or out of said premises from any cause whatsoever including negligence of any of the foregoing.

This provision essentially waived all causes of action. The provision at issue in this motion does the same. Hoffman agreed to "Release, Waive, Discharge and Covenant Not to Sue MMMNY, their agents, managers, or employees (hereinafter referred to as Releasees from **any liability claims, demands, actions, and causes of action whatsoever**."

2

Hoffman argues that the provision should not be enforced because it does not list the causes of action waived. Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss ("Pl. Memo."), ECF No. 22, p. 5. Under that logic, the Court of Appeals would not have enforced the provision in *Lago*. Hoffman misstates the rule. Courts do not require the waived cause of action be explicitly described, only that the import of the waiver be conveyed. *Gross v Sweet*, 49 N.Y. 2d 102, 108 (1979) ("That does not mean that the word 'negligence' must be employed for courts to give effect to an exculpatory agreement; however, words conveying a similar import must appear.")

The cases cited by Hoffmann are either inapposite or do not stand for the premise cited for. Hoffman cites *Levine v. Shell Oil Co.*, 28 N.Y.2d 205 (1971) (Pl. Memo., p. 5), which deals with enforceability of an indemnification agreement, not an exculpatory clause. Hoffman cites *Kaufman v. American Youth Hostels*, 5 N.Y.2d 1016, 1018 (1959) (Pl. Memo., p. 5), which reversed a lower court order, but without a written opinion. Hoffman cites *Sivaslian v. Rawlins*, 88 A.D.2d 703 (3d Dep't 1982) (Pl. Memo., p. 5), which predates *Lago*, and which appears to rely on the defendants failure to fully inform the plaintiffs of the full breadth of the waiver. *Sivaslian*, 88 A.D.2d 703. Hoffman cites *Van Dyke Prods. V. Eastman Kodak Co.*, 12 N.Y. 2d 301 (1963) (Pl. Memo., p. 6), which involves a disclaimer on a product label and not a contractual exculpatory clause.

In this case, the exculpatory clause was prominent and clearly spelled out. It was not hidden in fine print, or obscured by excessive or complicated legal or technical language. Hoffman signed the contract, and there is no allegation in the Amended Complaint that she did not understand it, that she signed it under duress, or that she did not intend to be bound by it.

3

Under the clear holding of the Court of Appeals in *Lago*, the clause should be enforced, and the Amended Complaint should be dismissed in its entirety.

> II.   **PLAINTIFF'S TORT CLAIMS DO NOT ARISE FROM A DUTY INDEPENDENT OF THE CONTRACT**

Under New York law, "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389 (1987). "The independent legal duty 'must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract.'" *MVP Health Plan, Inc. v OptumInsight, Inc.*, 765 F. App'x 615, 617 (2d Cir. 2019).

> A.   **Plaintiff cannot identify an independent source for the duty of care supporting her negligence claim.**

Hoffmann argues that her negligence claim does arise from a duty independent of the contract, but struggles to identify the independent source of that duty. First she states that the duty must be independent, because there is no contractual provision dealing with the standard of care for keeping Hoffman's personal information private. Pl. Memo., p. 8. But the lack of a contractual provision does not cause an independent duty to spring into existence. It means that Hoffman has no breach of contract action.

Hoffman goes on to state that the duty to protect personal information provided through a contract arises from the common law or from New York's SHIELD Act, without identifying any cases with this holding. Pl. Memo., pp. 8–14.

With respect to the common law, Hoffman argues that tort principles support creating a duty on the part of the party best positioned to avoid harm. Pl. Memo., p. 9. Hoffman goes on to argue that MMMI was the best-positioned party because, she was required to submit her personal

4

information to MMMI if she wanted MMMI to act as her manager. This argument has no support in the pleadings or case law. There are many modeling agencies in New York and in the world; no one forced Hoffmann to contract with MMMI over another agency. She could have bargained with MMMI for contractual privacy protections or sought an agency that would meet her terms. She does not plead or provide an affidavit to the contrary.

Hoffmann goes on to cite decisions of a New York state trial court and of the Northern District of New York imposing a duty to protect personal information. However in both those cases, the defendants had published privacy notices that represented that they would protect that information. Pl. Memo, p. 10–11, citing *Daly v. Metropolitan Life Insurance Co.*, 2004 NYLJ LEXIS 2546 (N.Y. Sup. Ct. June 10, 2004) (duty to protect personal information because defendant represented that it would do so), and *Jones v. Commerce Bancorp*, 06 Civ. 835, 2006 U.S. Dist. LEXIS 32067 (S.D.N.Y. May 23, 2006) (duty imposed because defendant warranted to plaintiff it would safeguard information). MMMI made no such representation, and Hoffmann does not plead otherwise. These cases do not support imposing a common law duty in this action.

With respect to a statutory source of duty, Plaintiff relies heavily on New York's SHIELD ACT, which she describes in detail, including that it does not create a private right of action for violation of the statute. Pl. Memo, pp. 11–13. Despite the denial of the private right of action, Plaintiff claims the statute creates a duty of care upon which a plaintiff may rely, without citing any case that adopts her creative theory.

In fact, there are decisions from New York's state and federal court that include reference to both the SHIELD Act and negligence, and none of them impose a duty of care based on the statute or any public policy represented by it. For example, in *Adbale v. North Shore*, 49 Misc. 3d 1027 (N.Y. Sup. Ct. 2015), the court dismissed a claim for violation of the SHIELD Act,

5

based on there being no private right of action under the statute, and allowed a negligence claim because the defendant had warranted that the personal information would not be disclosed to third parties. Again, no such representation is alleged here. The court did not base the duty of care on the SHIELD ACT.

Plaintiff also argues that the appellate division's decision in *New York University v. Continental Insurance Co.*, 209 A.D.2d 231 (1st Dep't 1994) is analogous to its bold request to rely on the SHIELD Act to create a standard of care. In *NYU*, the court addressed a claim under New York General Business Law ("GBL") § 349 and a violation of New York Insurance Law § 2106. GBL § 349 prohibits deceptive acts and practices. Insurance Law § 2106 prohibits, among other things, making misrepresentations to claimants. The court did not base the violation of GBL § 349 on the violation of the Insurance Law or import a standard from the Insurance Law. The conduct merely violated both statutes.

This court should not expand the reach of the statute to create new law imposing vast liability on New York businesses when that liability was expressly considered and discarded by the statute.

> **B.     Plaintiff cannot identify an independent source for the fiduciary duty alleged to have been breached.**

Hoffman argues that MMMI had a fiduciary duty separate from the parties' contract that required MMMI to "provide adequate privacy, security and confidentiality safeguards for Plaintiff's and Class members PII…." Pl. Memo., p. 15. The cases she cites provide little support for her position, and she fails to distinguish the cases cited by MMMI, which conclusively show that the contractual relationship bars the fiduciary duty claim.

In *Alitalia Linee Aeree Italiane v. Airline Tariff Publ. Co.* (cited at MMMI Memo., p. 6), the parties operated under an agreement under which the plaintiff airline provided certain pricing

data to the defendant publisher. 580 F. Supp. 2d 285, 287 (S.D.N.Y. 2008).The defendant's mishandling of that data was the basis for plaintiff's claims, including for breach of contract and fiduciary duty. *Id.* at 288-289. The court dismissed the fiduciary duty claim, holding that because the provision of data was a function of the contract, mishandling of the data was also governed by the contract. *Id*. at 293. As in *Alitalia*, in the absence of a contract, MMMI would not have had any reason to have Hoffmann's personal information; the standard of care for handling that information, can only be governed by the parties' contract.

Hoffman cites *Savage Records Group., N.V. v. Jones*, 247 A.D.2d 274 (1st Dep't 1998) (Pl. Memo., p. 14), which dismisses a fiduciary duty claim as not independent of the contract.

Hoffman cites *Daly v. Metropolitan Life Insurance Co.*, 782 N.Y.S.2d 530 (N.Y. Sup. Ct. 2004) (Pl. Memo., p. 14), in which the court infers a duty, but does so based on defendant's representations that "they took great care in safeguarding their customers' personal information." *Id*. at 535-36.

Hoffman also cites *Wiener v. Lazard Freres & Co.*, 241 A.D.2d 114 (1st Dep't 1998) (Pl. Memo., p. 14), in which the court found a fiduciary relationship between plaintiff and a bank they had engaged as a lender and to assist in dealing with another interested party. The court found that fiduciary relationship because the plaintiff relied on defendants superior expertise and knowledge with respect to the subject matter of their relationship, defendant's sophisticated financial services.

Here, Hoffmann cannot seriously argue she relied on MMMI's expertise and reputation for data privacy. She contracted to obtain MMMI's services as a modeling agency. She does not allege, nor can she allege, that she relied on expertise that MMMI never touted. Hoffmann's reliance on *Wiener v. Lazard* is misplaced.

Based on the foregoing, and as the court held in *Alitalia*, MMMI respectfully requests that the court dismiss the fiduciary duty claim as not arising from a duty independent of the parties' contract.

### III.   PLAINTIFF ABANDONS HER BREACH OF CONTRACT CLAIM

Plaintiff abandons her meritless breach of contract claim. Pl. Memo., p. 14. MMMI complied with the Court's Individual Practice Rule 2.b by writing to and calling Plaintiff to request she withdraw the claims without the necessity of MMMI making its motion. Notice of Motion, ECF. No. 23, p. 2 (certifying compliance). Plaintiff declined, and MMMI moved to dismiss all of Plaintiff's claims, including making an argument directed specifically at the contract claim. MMMI Memo., pp. 6–7. Plaintiff's voluntary withdrawal of the contract claim made that argument unnecessary. Plaintiff's failure to withdraw the claim upon the request made under the Court's Rule 2.b, resulted in MMMI making an unnecessary expenditure of legal fees for the drafting of the relevant part of its motion to dismiss. MMMI respectfully requests that the claim be dismissed with prejudice, and MMMI be awarded its legal fees as a sanction for Plaintiff's violation of the rule.

### CONCLUSION

Based on the foregoing, MMMI respectfully requests the Amended Complaint be dismissed with prejudice.

Dated:   New York, New York
         February 4, 2021

By:   /s/ *Matthew S. Trokenheim*
       Matthew S. Trokenheim
       GOLDBERG SEGALLA LLP
       711 Third Avenue, Suite 1900
       New York, New York 10017
       Phone:  (646) 292-8700

8

28890031.v2

9

                            Fax:  (646) 292-8701
                            *Attorneys for Defendant*
                            *Major Model Management, Inc.*

To: All counsel (via ECF)